J-A18045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO HERNANDEZ PEREZ | : | |
| | : | |
| Appellant | : | No. 1518 WDA 2021 |

Appeal from the PCRA Order Entered December 20, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000342-2017

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: NOVEMBER 9, 2022**

Roberto Hernandez Perez appeals the denial of his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. He claims that he raised meritorious claims of ineffective assistance of counsel. We affirm.

A jury convicted Perez of one count each of drug delivery resulting in death and involuntary manslaughter; four counts each of possession with intent to deliver and criminal conspiracy; and three counts of recklessly endangering another person.[1] We affirmed the judgment of sentence and Perez did not seek allowance of appeal with our Supreme Court.[2] ***See Commonwealth v. Perez***, No. 1361 WDA 2019, 2020 WL 6707506 (Pa.Super. filed Nov. 16, 2020) (unpublished memorandum).

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 2705, 903(a)(1), 2506, and 2504(a).

[2] The PCRA court reinstated Perez's direct appeal rights on August 8, 2019.

In November 2021, Perez filed the instant, timely PCRA petition through counsel. Perez alleged that trial counsel was ineffective for failing "to adequately prepare for trial in advance in this matter, in that he did not request funds for a forensic pathologist, request fund[s] for a private investigator, or request a continuance of trial until it was too late." PCRA Petition, filed 11/15/21, at ¶ 13(d). He also argued that counsel's failings caused him prejudice, "as the evidence presented at trial regarding the drugs provided by [Perez], their consumption by the decedent, other sources of drugs, and the cause of death were contestable issues[.]" *Id.* at ¶ 13(e). He also alleged that counsel prejudiced him in the following ways:

- [Perez] was unable to present information regarding other potential sources of fentanyl . . . .

- [Perez] was unable to present a forensic expert to counter the Commonwealth's suspect evidence that the drugs obtained from [Perez] and ingested by the decedent were sufficient to cause his death . . . .

- . . . The Commonwealth's evidence in these areas could have been countered by expert testimony and/or information regarding additional sources of fentanyl

- . . . the jury was not presented with any information to counter the Commonwealth's case[.]

*Id.* at ¶ 13(f). Perez requested an evidentiary hearing for the court to hear testimony from trial counsel and himself.

The court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). The court stated that Perez had failed to "outline in his petition the specific evidence that would have been presented

at trial had his counsel obtained a continuance and obtained an expert and private investigator." **See** Opinion and Order, filed 12/7/21, at 3. Based on this omission, it concluded that Perez had failed to show any prejudice from counsel's alleged error. **See id.** Perez filed a response arguing that he had provided sufficient information in his PCRA petition. **See** Request for Reconsideration, filed 12/17/21. The court denied Perez's PCRA petition, and this timely appeal followed.

Perez raises the following issue: "Did the lower court err in concluding that [Perez's] PCRA Petition failed to demonstrate prejudice as defined in **Commonwealth v. Little**, 2021 PA. Super. 7, 246 A.3d 312 (Pa.Super. 2021) and in summarily dismissing [Perez's] PCRA Petition without a hearing?" Perez's Br. at 4 (suggested answer omitted).

When reviewing the denial of PCRA relief, we determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa.Super. 2012) (citation omitted). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. D'Amato**, 856 A.2d 806, 820 (Pa. 2004).

Perez maintains that considering **Little**, the court erred in concluding that he did not prove the prejudice of his ineffectiveness claim. Perez alleges

that trial counsel was ineffective for failing to hire a defense expert in pathology and a private investigator to testify at trial. He maintains that he suffered prejudice because the evidence presented at trial "regarding the drugs provided by [Perez], their consumption by the decedent, other sources of drugs, and the cause of death were contestable issues," and the Commonwealth's evidence on these points was "weak, inconsistent, inconclusive, and challengeable[.]" Perez's Br. at 12.

Counsel is presumed effective; therefore, Perez was required to plead and prove that his ineffectiveness claim had arguable merit, counsel's action or inactions lacked any reasonable basis, and he was prejudiced by counsel's error. **See Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012). Where a PCRA petitioner claims counsel was ineffective for failing to call a witness at trial, to establish prejudice, the PCRA petitioner must plead and prove that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citing **Sneed**, 45 A.3d at 1108-09). "[T]he PCRA petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." **Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (citation omitted). Failing to satisfy any prong of an ineffectiveness

claim results in the rejection of the claim. *See Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Because Perez limits his argument to the prejudice prong of his ineffectiveness claim, we likewise focus our attention on this prong. In his PCRA petition, Perez claimed that counsel failed to call a defense expert witness in pathology as well as a private investigator. He claimed that he suffered prejudice from counsel's inaction because if counsel had called these witnesses, they would have been able to "provide additional information as to whether or not the Commonwealth's expert's findings were inaccurate" and provide "possible alternative sources of fentanyl." PCRA Pet. at ¶¶ 13(b)(ii), (c)(ii). However, he did not identify any expert witness who was available to testify on his behalf at trial. Nor did he identify a private investigator or allege any particular evidence an investigator would have unearthed.

The court determined that Perez failed to establish the prejudice prong of the ineffectiveness test. It concluded that Perez made "general assertions that he was prejudiced" but "failed, to outline in his [p]etition the specific evidence that would have been presented at trial had his counsel obtained a continuance and obtained an expert and private investigator." Opinion and Order, at 3.

We discern no abuse of discretion. Perez did not explain whether these witnesses existed, were available and willing to testify, or that counsel knew or should have known of their existence. *See Wantz*, 84 A.3d at 331. Perez's claim is one of mere speculation, as he did not identify any specific witness

nor explain what evidence they would have testified to that would have changed the outcome of the case. *See Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005) ("Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense"). Furthermore, Perez's citation to *Little* is unavailing. We note that he did not claim that the PCRA court erred in its determination based on the holding of *Little* in his Rule 1925(b) statement, and the claim is therefore waived. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii). Even if it were not waived, *Little* would afford him no relief. The petitioner in *Little* proved actual prejudice. 246 A.3d at 330. Here, Perez made no such showing.

Perez also maintains that counsel was ineffective for failing to timely request a continuance of the trial. He alleged that this prejudiced him because 1) he was not able to present information on alternative sources of the fentanyl; 2) he was not able to present expert testimony to counter the Commonwealth's evidence that the fentanyl provided by Perez was the cause of the decedent's death; 3) he was not able to counter the Commonwealth's expert testimony; and 4) the jury did not hear alternative evidence to counter the Commonwealth's case. PCRA Pet. at ¶¶ 13(f)(i)-(iv).

Here, trial counsel asked the court for a continuance of the trial 20 days before the trial was set to begin. *See Perez*, 2020 WL 6707506 at *7. Counsel alleged that he needed additional time due to the unavailability of a forensic pathologist and due to new information, that he obtained that was exculpatory

in nature. *See id.* Counsel maintained that he was too busy to investigate the new information and needed to hire a private investigator. *See id.* He stated that two weeks, however, would not be enough time for the investigator to investigate the information. *See id.*

The trial court denied the request, stating that "it is unclear why efforts to address the obtainment of and report of a forensic expert and private investigator were not undertaken at an earlier date." *See id.* (citing Trial Court Opinion, 1/18/18, at 8-9). It also stated that counsel's suggestion that the private investigator could likely uncover beneficial information regarding the source of the fentanyl was speculative. *See id.* The court maintained "there is only [an] assertion that a witness may be found and he or she may have valuable information; and, that vague assertion does not support the grant of a continuance of trial." *See id.* (quoting Trial Ct. Op. at 8-9). However, the court did state that it would revisit and reconsider the request if it was "supported by more specific assertions[.]" *Id.* (quoting Trial Ct. Op. at 8-9). Counsel provided no further specificity.

As evidenced by the history of this case, counsel never specified the witnesses or the information that would necessitate a continuance. Perez again raises speculative claims that he could have presented information on alternative sources of fentanyl, that the expert would have countered the Commonwealth's evidence regarding the cause of death, or that any information, if found, would have countered the Commonwealth's evidence. Thus, he fails to show that but for the timing of counsel's continuance request,

there is a reasonable probability that the result of the proceeding would have been different. As such, Perez failed to plead and prove prejudice and the court did not err in denying this claim of ineffectiveness. There was therefore no need for an evidentiary hearing, and the court did not err in denying his request for one. *See D'Amato*, 856 A.2d at 820.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022